THE STATE, EX REL. WALLACE, APPELLANT, *v*. INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Wallace, v. Indus Comm. (1979), 57 Ohio St. 2d 55.]

(No. 78-298—Decided March 14, 1979.)

56

*White, Getgey & Meyer Co., L. P. A.*, and *Ms. Dianne L. Blocker*, for appellant.

Mr. *William J. Brown*, attorney general, and *Mr. Solomon Hertzel Basch*, for appellee.

*Per Curiam.* The essence of the appellant's argument is that the medical opinion of Dr. Davies is not "evidence" upon which the commission could base its determination that he is not totally and permanently disabled. Consequently, if that opinion is disregarded all that remains in the record is evidence which supports a finding of such disability.

This court has held on numerous occasions that mandamus will not lie where there is some evidence to support the finding of the Industrial Commission. See, *e. g., State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128; *State, ex rel. Ruggles,* v. *Stebbins* (1975), 41 Ohio St. 2d 228. However, where there is no evidence upon which the commission could have based its factual conclusion an abuse of discretion is present and mandamus becomes appropriate. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9.

In response to R. C. 4121.38, the Industrial Commission has established a Medical Section which may be called upon to review a claimant's medical files in the process of

determining the extent of his disability.[1] Pursuant to that legislative mandate appellant's file was referred to Dr. Davies for such a review. The sole basis upon which the doctor was to form a medical opinion were the findings of the other physicians who had personally examined appellant. No physical examination was to be conducted. As indicated previously, Dr. Davies issued an opinion that if only appellant's "recognized conditions" are considered, a finding of total and permanent disability is not warranted.

In light of the frequent use of medical opinions of non-examining physicians in processing claims for disability compensation, the Court of Appeals for Franklin County has developed an analogy that is employed to insure the reliability of those opinions. The court considers the physician's opinion tantamount to a response to a hypothetical question.

Applying the analogy to a hypothetical question, it follows that the non-examining physician is required to expressly accept all the findings of the examining physicians, but not the opinion drawn therefrom.[2] If a non-examining physician fails to accept the findings of the doctors or assumes the role of the Industrial Commission, the medical opinion that is rendered does not constitute evidence to support a subsequent order of the commission.[3]

As long as non-examining physicians are utilized by

---

[1] R. C. 4121.38 reads, in pertinent part:

"(A) The industrial commission shall maintain a medical section under direct commission control to serve both the industrial commission and the bureau of workers' compensation and shall provide for its management.

"(B) The medical section shall:

"* * *

"(3) Develop a method of peer review of medical reports prepared by the commission referral doctors."

[2] *State, ex rel. Mary C. Adams,* v. *Indus. Comm.,* Franklin Co., Nov. 29, 1977, No. 77 AP-345, unreported.

[3] *State, ex rel. Fannie Watts,* v. *Indus. Comm.,* Franklin Co., Dec. 27, 1977, No. 77 AP-314, unreported.

the commission fundamental notions of fairness and evidentiary reliability support the analogy drawn by the Court of Appeals. The use of such a procedure would operate impartially to aid the commission in coming to its final conclusion concerning the extent of disability.[4]

In the present proceeding the Court of Appeals initially found that the medical opinion of Dr. Davies did *not* indicate that appellant was not totally and permanently disabled. However, it went on to hold that the same opinion constituted "some evidence" upon which the commission could base its order denying appellant's motion for total and permanent disability. We disagree.

Dr. Davies' opinion makes no express reference to the findings of any of the three examining physicians. Furthermore, there is no indication that he accepted all those findings as a necessary prerequisite to rendering his own opinion.

While Dr. Davies could have disagreed with the *opinions* of those physicians as to whether appellant's condition could improve, or whether he was a viable candidate for rehabilitation, he cannot ignore the full extent of the factual foundation presented to him. By restricting his scrutiny solely to the appellant's "recognized" conditions, various other findings of the examining physicians were overlooked. These include, for example, the observation that appellant was in substantial pain, that he had no practical use of his dominant upper extremity, that he had a type of reflex sympathetic dystrophy, and that he probably originally injured his brachial plexus involving the autonomic nerve system.[5]

Rather than expressly accepting and referring to

---

[4]The court is aware that the Industrial Commission is not bound by technical rules of evidence pursuant to R. C. 4123.10. However, the analogy employed by the Court of Appeals appears consistent with the duty of the commission mandated by that same statute to "ascertain the substantial rights of the parties and carry out justly the spirit" of the Workers' Compensation Laws.

[5]Each of these findings was noted in the reports of either Dr. Hess or Dr. Berning.

these findings, the opinion of Dr. Davies is akin to a legal conclusion that only the specific terminology utilized in appellant's original claim, as amended, can be considered in ascertaining the extent of disability. Further complications relating to these initially "recognized" conditions cannot be so summarily ignored. See *State, ex rel. International Harvester Co.,* v. *Indus. Comm.* (1975), 43 Ohio St. 2d 40.

In conclusion, because the medical opinion of Dr. Davies in no way reflects that it accepts and is based upon all the factual findings of the physicians who examined appellant, as well as being tantamount to an incorrect legal conclusion, it cannot, by itself, be considered evidence upon which the commission could base its final order. Accordingly, the judgment of the Court of Appeals must be reversed.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, SWEENEY, LOCHER and PATTON, JJ., concur.

W. BROWN and P. BROWN, JJ., dissent.

PATTON, J., of the Eighth Appellate District, sitting for HOLMES, J.