THE STATE, EX REL. HUGHES, APPELLANT, *v.* GOODYEAR TIRE & RUBBER
CO. ET AL., APPELLEES.

[Cite as State, ex rel. Hughes, *v.* Goodyear Tire & Rubber Co. (1986),
26 Ohio St. 3d 71.]

(No. 85-1928—Decided August 20, 1986.)

*Michael J. Muldoon,* for appellant.

*Vorys, Sater, Seymour & Pease, Robert A. Minor* and *P. Douglas Barr,* for appellee Goodyear Tire & Rubber Co.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Gerald H. Waterman,* for appellee Industrial Commission.

*Per Curiam.* For the reasons to follow we uphold the denial of the writ of mandamus.

Relator is required to show a clear legal right to the relief sought and a clear legal duty on the part of the commission to provide the relief in order for this court to issue a writ of mandamus. *State, ex rel. Pressley,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 141 [40 O.O.2d 141]; *State, ex rel. Elliott,* v. *Indus. Comm.* (1986), 26 Ohio St. 3d 76. To show the clear legal right, relator must demonstrate that the commission abused its discretion by entering an order unsupported by some evidence in the record. *State, ex rel. Hutton,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 9 [58 O.O.2d 66]; *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165 [22 O.O.3d 400].

Within the past decade this court has set certain parameters for what constitutes "some evidence" before the commission. In *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166, 168 [16 O.O.3d 199], we held that a physician's report must assess impairment, in a claim for permanent and total disability on account of the combined effect of two or more allowed conditions, by considering those allowed conditions together. In *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55, 59 [11 O.O.3d 216], we indicated that non-examining physicians must expressly accept the findings of the examining physicians, although not necessarily their opinions, prior to rendering their own opinions.

The rules in *Anderson* and *Wallace* were consolidated in *State, ex rel. Teece, supra.* The result was a "combined effect" rule that compelled physicians who actually examined less than all the combined conditions, not only to evaluate the relevant allowed condition(s), but to do so by ex-

pressly accepting the findings of the physician or physicians who actually examined the claimant in regard to the other conditions. This position was qualified, however, when we indicated that evidence which might not in itself support or deny a claim could still be used to test the credibility of reports that complied with both *Anderson* and *Wallace*. See *State, ex rel. Allerton,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 396 [23 O.O.3d 358] (When a doctor finds no evidence of a disability related to psychiatric illness, one of two alleged conditions, the need to evaluate the combined effect of the conditions is obviated.). Importantly, we emphasized our concern that "[q]uestions of credibility and the weight to be given evidence are clearly within the commission's discretionary powers of fact finding." *Teece, supra,* at 169; See, also, *State, ex rel. Bevis,* v. *Coffinberry* (1949), 151 Ohio St. 293 [39 O.O. 135]; *State, ex rel. Morris,* v. *Indus. Comm.* (1984), 14 Ohio St. 3d 38.

A review of the record before us indicates that Drs. Giray, Goold, McCloud, Fallon, and DeMuth all specifically examined claimant as to either the physical or psychological condition but not both. In all these cases it is clear that while the physician might not literally "expressly adopt" the factual findings with respect to conditions outside his field of expertise, each was familiar with those findings to various degrees when he made his evaluation, as indicated in the facts herein.

It is apparent to us today that much confusion has resulted from this court's desire to insure that impairment evaluations be rendered by physicians who were aware of all relevant aspects of a claimant's allowed conditions. We do not suggest, however, that experts in one area of medicine must be experts in all areas of medicine, but merely that physicians in a multiple-conditions claim be aware that other allowed conditions exist that might potentially influence their conclusions with respect to impairment. Similarly, our opinions should not provide the basis for usurping the role of the commission in determining disability by creating arbitrary exclusionary rules that eliminate evidence the commission might find credible because such evidence fails to include "magic words" to conform with hypertechnical evidentiary rules, *e.g.,* "I expressly adopt the findings but not the opinion of Dr. 'X.' " As we noted in *Teece, supra,* at 168-169, evidence that does not conform with *Anderson* can still be used to rebut elements of conforming reports.

To clarify and resolve the difficulties engendered in the application of *Anderson,* we hold today that reports which consider and impliedly accept all the allowed conditions relevant to the claim before rendering a final evaluation with respect to impairment are "some evidence" to support a commission allowance or disallowance of a permanent total disability claim. On this basis the reports of Drs. Hardie, Fallon, McCloud,[1] DeMuth,

---

[1] By way of example, Dr. McCloud's report indicates that he evaluated the claimant "in regards to the conditions allowed in this claim" after articulating these allowed conditions. This type of assertion both considers and impliedly accepts the allowed conditions to render the report "some evidence."

Goold, and Giray were all permissible evidence to be accepted or not accepted as the commission saw fit. The commission's decision, resting upon the reports of Drs. Hardie, Fallon, DeMuth and McCloud, was thus supported by some evidence. The commission's determination was therefore not an abuse of discretion and relator has not demonstrated a clear legal right to mandamus relief.

Accordingly, the judgment of the court of appeals denying the writ is affirmed.

*Judgment affirmed.*

LOCHER, HOLMES and WRIGHT, JJ., concur.

CELEBREZZE, C.J., SWEENEY, C. BROWN and DOUGLAS, JJ., concur in judgment only.

CLIFFORD F. BROWN, J., concurring in judgment only. I concur in today's judgment on the basis that there is sufficient probative, credible and competent evidence to support the commission's order denying appellant's application for permanent total disability benefits. However, I cannot concur with the majority's analysis for the following reasons.

First, I must again voice my vigorous disapproval of the majority's unnecessary use of the "some evidence" phraseology. I have expressed my aversion for this meaningless jargon on many occasions on the grounds that the standard has "degenerated to the level where judicial review in a mandamus action is a rubber stamp of approval for any unreasonable, captious and unjust Industrial Commission decision * * *." *State, ex rel. Teece,* v. *Indus. Comm.* (1981), 68 Ohio St. 2d 165, 174 [22 O.O.3d 400] (Clifford F. Brown, J., dissenting). See, also, *Meeks* v. *Ohio Brass Co.* (1984), 10 Ohio St. 3d 147, 149-150 (Clifford F. Brown, J., concurring), and cases cited therein. I strenuously object to the continued use of this senseless jargon which has endeared itself to those members of this court who fondly envision a world where workers "know their place" and bureaucrats reign unquestioned.

I further object to the majority's attempted emasculation of this court's holdings in *State, ex rel. Anderson,* v. *Indus. Comm.* (1980), 62 Ohio St. 2d 166 [16 O.O.3d 199], and *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55 [11 O.O.3d 216]. In *Anderson,* this court held, at 168, that "[w]here the issue before the commission is whether a claimant is permanently and totally disabled on account of the combined effect of two or more allowed conditions, medical testimony not evaluating the combined effect of those conditions cannot constitute evidence that the claimant is not permanently and totally disabled." The majority today cleverly sidesteps this holding and attempts to dilute it by stating that "reports which consider and *impliedly* accept all the allowed conditions relevant to the claim before rendering a final evaluation with respect to impairment

are 'some evidence' to support a commission allowance or disallowance of a permanent total disability claim." (Emphasis added.) This statement, which the majority characterizes as its attempt to "clarify and resolve the difficulties engendered in the application of *Anderson,*" is actually a brazen effort to relax the standard of review to the point where there is no review at all. I can imagine the delight with which employers will greet the word "impliedly" as used above, which is so wonderfully vague and flexible that any report can be twisted to fit.

A similar, equally noxious, attempt is made by the majority opinion to dismantle *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55 [11 O.O.3d 216], wherein this court held that a non-examining physician must expressly adopt the findings, but not necessarily the opinion, of one or more examining physicians in order for his report to constitute evidence in support of a subsequent order of the commission. This holding represents simple logic: If a physician has not examined the claimant himself, he must expressly adopt the findings of one who has, or his opinion has no basis. As with *Anderson,* the majority opinion today attempts to dilute *Wallace* by replacing the requirement of express adoption with some sort of "adoption by implication" standard. Again, the phrase "by implication" is conveniently obscure, and therefore is tailor-made to suit the majority's purpose of destroying meaningful review in this court.

These attempts to deprive *Anderson* and *Wallace* of their vitality are simply another example of the concerted effort by certain justices on this court to clutter the claimant's path with as many obstacles and stumbling blocks as their fertile imaginations can devise.

For these reasons, I am compelled to concur in judgment only.