THE STATE, EX REL. LAMPKINS, APPELLEE, *v.*
DAYTON MALLEABLE, INC., N.K.A. AMCAST INDUSTRIAL
CORPORATION, APPELLANT; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as State, ex rel. Lampkins, *v.* Dayton Malleable, Inc. (1989),
45 Ohio St. 3d 14.]

(No. 88-214—Submitted April 25, 1989—Decided August 16, 1989.)

*Michael J. Muldoon,* for appellee Lampkins.

*Bricker & Eckler, Gerald L. Draper* and *Charles D. Smith,* for appellant.

*Per Curiam.* Where the record contains "some evidence" to support the commission's findings, there has been no abuse of discretion and mandamus will not lie. *State, ex rel. Burley, v. Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. We are asked to determine whether the commission order at bar is supported by "some evidence." We hold that it is not.

The parties concentrate on the sufficiency of the Walker and Walsh

reports under *State, ex rel. Wallace,* v. *Indus. Comm.* (1979), 57 Ohio St. 2d 55, 11 O.O. 3d 216, 386 N.E. 2d 1109. That decision held that a non-examining physician's report that did not indicate express acceptance of the findings of examining doctors was not "some evidence" on which the commission could rely. Appellant challenges the continued vitality of *Wallace,* contending that the requirement of express acceptance was relaxed by the subsequent plurality decision in *State, ex rel. Hughes,* v. *Goodyear Tire & Rubber Co.* (1986), 26 Ohio St. 3d 71, 26 OBR 61, 498 N.E. 2d 459. We agree.

The *Hughes* plurality sustained as "some evidence" the reports of several non-examining physicians including one which merely indicated that all medical reports had been reviewed (without naming the doctors) and which cited numerous findings from those reports (without attributing them to any specific examiner). The *Hughes* decision stated:

"* * * [O]ur opinions should not provide the basis for usurping the role of the commission in determining disability by creating arbitrary exclusionary rules that eliminate evidence the commission might find credible because such evidence fails to include 'magic words' to conform with hypertechnical evidentiary rules, *e.g.,* 'I expressly adopt the findings but not the opinion of Dr. "X." ' * * *" *Id.* at 74, 26 OBR at 64, 498 N.E. 2d at 462.

However, even under an implicit acceptance analysis, we hold that the Walker and Walsh reports are deficient. Dr. Walker's report states in full that "I see no reason related to his allowed injury why cl[aiman]t can't return to his usual & customary duties." There is no indication, express or implied, that Dr. Walker even considered, let alone accepted, the find-ings of the examining physicians. It is thus not "some evidence."

Dr. Walsh's report also fails under *Hughes.* There is nothing in that report to indicate that all medical reports were reviewed and considered. The report actually implies the contrary. Although reports from six physicians were on file, Walsh's report only refers to "the information on file from three physicians." Apart from the *Hughes* problem, the report also fails in another respect, *i.e.,* it does not address the key issue of appellee's ability to return to his former position of employment. It merely notes in a general way that appellee's medications are not incompatible "with employment," conceding that "[i]nformation as to his job responsibilities is not on file for a definitive answer." Thus, on an alternative basis, Dr. Walsh's report fails to constitute "some evidence."

The removal of the Walker and Walsh reports from evidentiary consideration leaves the commission order unsupported by "some evidence," as these were the sole reports upon which the commission expressly relied. Accordingly, we affirm that portion of the appellate court judgment directing the commission to vacate its June 27, 1986 order denying compensation. However, we reverse that portion of the judgment which orders the commission to award appellee temporary total disability compensation from September 1, 1981 through February 1984.

Any award of temporary total disability compensation must be supported by some evidence establishing that a temporary condition precludes the return to the former position of employment. See *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586. Therefore, a lack of evidence supporting a denial of tem-

porary total disability benefits cannot automatically translate into some evidence supporting an award of such benefits. Recognizing that the determination of disability is a commission function, we thus remand the cause to the commission to determine whether appellee qualifies for temporary total disability compensation and to identify the evidence supporting its finding.

*Judgment affirmed in part, reversed in part and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., dissents.