OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Catholic Diocese of Cleveland, Appellant, v.
Industrial Commission of Ohio et al., Appellees.
[Cite as State ex rel. Catholic Diocese of Cleveland v. Indus.
Comm. (1994),      Ohio St.3d      .]
Workers' compensation -- Industrial Commission does not abuse
     its discretion in awarding permanent total disability when
     "some evidence" is present in the record to support its
     decision.
     (No. 93-988 -- Submitted April 19, 1994 -- Decided July
13, 1994.)
     Appeal from the Court of Appeals for Franklin County, No.
91AP-1284.
     Appellee-claimant, Jessie E. Davies, broke her left hip
while in the course of and arising from her employment with
appellant, Catholic Diocese of Cleveland.  In early 1987,
claimant moved appellee Industrial Commission for permanent
total disability compensation.  Attending physician Sheldon
Loeb's March 10, 1987 report concluded:
     "The psychiatric diagnosis is phobic and anxiety disorder
which were directly caused by her industrial injury of May 3,
1983.  This is superimposed on the residuals of the fracture of
the left hip with open reduction and internal fixation.  If she
were well, her age would be no barrier to her return to work if
she were capable of doing her work[,] but with the hip problem
alone she could not handle her former job.  Considering the hip
problem in conjunction with the psychiatric problem I consider
her to be permanently and totally disabled."
     On January 14, 1988, claimant's claim was additionally
allowed for "anxiety neurosis with phobic features."  Permanent
total disability was ultimately granted "based upon the report
of Dr. Leeb [sic], a consideration of the claimant's age,
education, and work history * * *.
     "The weight of the evidence indicates claimant is
permanently and totally disabled as a result of the allowed
conditions.  The severity of her physical condition prevents
her from engaging in any type of physical activities.
Claimant's advanced age and allowed psychiatric condition
reflect she has no transferable skills to sedentary employer

[sic]. The totality of claimant's medical condition reflects she is incapable of engaging in any type of sustained remunerative employment."

Appellant petitioned the Court of Appeals for Franklin County for a writ of mandamus, claiming that the commission abused its discretion in awarding permanent total disability. The appellate court found that Dr. Loeb's report was "some evidence" supporting the award and denied the writ.

This cause is now before this court upon an appeal as of right.

Petro, Rademaker, Matty & McClelland, Cathryn R. Ensign and Dennis A. Rademaker, for appellant.

Lee Fisher, Attorney General, and Richard A. Hernandez, Assistant Attorney General, for appellee Industrial Commission.

Wincek & DeRosa Co., L.P.A., and Christopher G. Wincek, for appellee Jessie Davies.

Per Curiam. We are once again asked to examine the commission's order for "some evidence" as required by State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Upon review, we find that the order is properly supported, and affirm the judgment of the court below.

Appellant's assault on the credibility of Dr. Loeb's report is unpersuasive. His opinion is neither equivocal nor improperly premised. Loeb made two distinct statements: (1) claimant's hip problem prevented a return to her former job and (2) her psychiatric and physical conditions together permanently and totally disabled her. These two opinions are complementary, not contradictory, and the latter establishes the requisite inability to perform sustained remunerative employment.

Loeb's report is also not fatally flawed by his conclusion that claimant is permanently and totally disabled as opposed to permanently and totally impaired. While doctors are indeed limited to evaluating claimants for medical impairment, State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, recognized that physicians, being medical not legal specialists, often use "disability" and "impairment" interchangeably. Accordingly, Stephenson held that the commission need not automatically discount such evidence, where it is clear that the examiner was not taking nonmedical factors into consideration.

In this case, there is no evidence that Dr. Loeb's opinion included nonmedical factors. To the contrary, he specifically indicated that age did not contribute to her inability to work. Loeb's report is not, therefore, deficient in this respect.

Similarly, Loeb's report is not undermined by his failure to employ the words "unable to perform sustained remunerative employment" rather than simply labelling claimant "permanently and totally disabled." The two phrases are often used interchangeably and as we have previously indicated, evidence is not to be excluded merely because a doctor does not use specific buzz words when the meaning is otherwise clear. State ex rel. Hughes v. Goodyear Tire & Rubber Co. (1986), 26 Ohio St.3d 71, 26 OBR 61, 498 N.E.2d 459.

Finally, that claimant's psychiatric condition was not allowed until after Loeb issued his report does not invalidate his combined-effects opinion. The chronology of the allowance is immaterial. That the psychiatric condition was ultimately allowed is all that matters.

Accordingly, we find that Dr. Loeb's report is "some evidence" upon which the commission could rely. Moreover, because his opinion attests to a medical inability to do sustained remunerative employment, it is unnecessary for us to examine the commission's treatment of claimant's nonmedical factors. State ex rel. Galion Mfg. Div., Dresser Industries Inc. v. Haygood (1991), 60 Ohio St.3d 38, 573 N.E.2d 60.

For these reasons, the court of appeals' judgment is hereby affirmed.

Judgment affirmed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.