THE STATE EX REL. BOWIE, APPELLANT, *v.* GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY ET AL., APPELLEES.

[Cite as *State ex rel. Bowie v. Greater Cleveland Regional Transit Auth.* (1996), 75 Ohio St.3d 458.]

(No. 94–1208—Submitted March 5, 1996—Decided May 15, 1996.)

*Seaman & Associates Co., L.P.A.,* and *Michael I. Madden,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellee Industrial Commission.

*Edward J. Opett,* for appellee Greater Cleveland Regional Transit Authority.

---

*Per Curiam.* We are asked to evaluate the commission's order for "some evidence" in support of its decision. Upon review, we find it necessary to return the cause to the commission for further consideration and amended order.

This controversy centers around Dr. Katz's report, which was prepared after the claimed period of disability had ended. Claimant asserts that a report which post-dates the period of disability can never constitute "some evidence" upon which the commission can rely. We disagree.

There are parallels between an examining doctor who offers a retroactive opinion and a doctor who renders an opinion as to a claimant's current status without examination. The evidentiary acceptability of the latter is long-settled, having been equated to an expert's response to a hypothetical question. *State ex rel. Wallace v. Indus. Comm.* (1979), 57 Ohio St.2d 55, 11 O.O.3d 216, 386 N.E.2d 1109; *State ex rel. Hughes v. Goodyear Tire & Rubber Co.* (1986), 26 Ohio St.3d 71, 26 OBR 61, 498 N.E.2d 459; *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 542 N.E.2d 1105.

As in the case of a non-examining physician, however, certain safeguards must apply when dealing with a report that is not based on an examination done contemporaneously with the claimed period of disability. We find it imperative, for example, that the doctor review all of the relevant medical evidence generated prior to that time. In this instance, the conspicuous reference to the emergency room reports coupled with the equally conspicuous lack of reference to Dr. McFadden's reports suggests to us that Dr. Katz may have overlooked the latter.

We cannot, therefore, find that Dr. Katz's report is "some evidence" upon which the commission could rely.

Removal of Dr. Katz's report, however, does not compel an award of temporary total disability compensation. As we observed in *Lampkins, supra:*

"Any award of temporary total disability compensation must be supported by some evidence establishing that a temporary condition precludes the return to the former position of employment. * * * Therefore, a lack of evidence supporting a denial of temporary total disability benefits cannot automatically translate into some evidence supporting an award of such benefits. Recognizing that the determination of disability is a commission function, we thus remand the cause to the commission to determine whether appellee qualifies for temporary total disability compensation and to identify the evidence supporting its finding." *Id.* at 16–17, 542 N.E.2d at 1108.

We find a similar disposition to be warranted in this case. Accordingly, the judgment of the court of appeals is reversed and a limited writ is issued returning the cause to the commission for further consideration and amended order.

*Judgment reversed*
*and limited writ issued.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents and would affirm the judgment of the court of appeals.

WRIGHT, J., not participating.