[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 458.]

THE STATE EX REL. BOWIE, APPELLANT, *v.* GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY ET AL., APPELLEES.

[Cite as *State ex rel. Bowie v. Greater Cleveland Regional Transit Auth.*, 1996-Ohio-142.]

*Workers' compensation—Industrial Commission abuses its discretion in denying temporary total disability compensation, when.*

(No. 94-1208—Submitted March 5, 1996—Decided May 15, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD06-798.

————————————

{¶ 1} Appellant-claimant, Van Roy Bowie, worked for appellee Greater Cleveland Regional Transit Authority. He was injured on January 17, 1990, when the driver's cab of his Rapid train struck a backhoe that was sitting on the track. The train was going approximately five miles per hour at the time of impact.

{¶ 2} Claimant was taken to the St. Vincent Charity Hospital emergency room, where acute lumbosacral strain and post-traumatic hematuria were diagnosed. The emergency room report noted low back pain, but listed no other findings. X-rays were normal. Claimant was discharged with instructions to apply heat to his low back.

{¶ 3} Two days later, claimant visited Daniel P. McFadden, D.C. Upon examination, Dr. McFadden observed:

"Mr. Bowie presents with thoracic muscle tension and right lumbar curvature with lumbar muscle tension. There is swelling of the low back and upper back[,] especially T12-L5. The low back hurts to touch. The right buttock has severe pain on palpation with marked swelling. Trunk flexion is reduced 60 degrees rotation to the right. Extension is 0-10 with pulling pain at L5-S1. The

following orthopedic tests are positive: Kemp's, Neri's, Bow and Mennells. The knees hurt on flexion/extension bilateral."

{¶ 4} Dr. McFadden described claimant's prognosis as "guarded," and recommended weekly treatment for ten weeks. Dr. McFadden said nothing at that time about any inability by claimant to return to his former position of employment.

{¶ 5} Subseqently, Dr. McFadden submitted two documents that certified claimant as having been temporarily and totally disabled from the date of accident. In a C84 "Physicians Report Supplemental" report dated June 4, 1990, claimant's estimated return-to-work date was May 15, 1990. A C-30 form signed June 4, 1990, however, stated that claimant was still disabled as of that date.

{¶ 6} On July 12, 1990, Dr. Gary I. Katz examined claimant. Dr. Katz's examination revealed no abnormalities. He concluded:

"Basically, examination of the lumbar spine and lower extremities is completely within normal limits. There are no objective findings and [claimant] obviously requires no treatment. As far as the low back is concerned, I feel he is able to work at his former position of employment. He has no symptoms involving the kidneys or knees. There is no real indication that the patient should have been out of work at any time after the incident in January according to the records because of the lower back problems. There were no objective findings when he was seen in the emergency room and there certainly were no findings now. He still remains out of work. I feel no treatment is required and he can go back to work at this time."

{¶ 7} On August 6, 1990, a district hearing officer for appellee Industrial Commission of Ohio ruled on claimant's application for workers' compensation benefits. The hearing officer wrote:

"It is therefore ordered that the claim be allowed for: Lumbosacral strain; post-traumatic hematuria.

"* * *

"That the following compensation be awarded: Temporary Total to be considered at subsequent hearing.

"This order is based on the medical reports of Dr. McFadden; St. Vincent Charity Hospital.

"District Hearing Officer finds that there is insufficient evidence to justify a conclusion that the 1/17/90 injury sustained by claimant was caused by claimant 'being intoxicated or under the influence of a controlled substance' (R.C. 4123.54), despite the result of a positive drug screen test performed shortly after the 1/17/90 accident. DHO authorizes a 9(B)4 [Ohio Adm. Code 4121-3-09(B)(4)] exam by the employer. After appeal period, set for hearing on question of 'T.T. / extent of disability.[']"

{¶ 8} On May 15, 1991, a second district hearing officer ruled:

"District Hearing Officer denies claimant's C-86 motion for Temporary Total benefits from 1-18-90 to 5-31-90, based upon Dr. Katz's report, the EM RM report which notes no or minimal objective findings and the nature of the injury." This order was administratively affirmed.

{¶ 9} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying temporary total disability compensation. The appellate court denied the writ after finding that the order was supported by "some evidence."

{¶ 10} This cause is now before this court upon an appeal as of right.

_____

*Seaman & Associates Co., L.P.A.*,and *Michael I. Madden*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Jetta Mencer*, Assistant Attorney General, for appellee Industrial Commission.

*Edward J. Opett*, for appellee Greater Cleveland Regional Transit Authority.

_____

*Per Curiam.*

{¶ 11} We are asked to evaluate the commission's order for "some evidence" in support of its decision. Upon review, we find it necessary to return the cause to the commission for further consideration and amended order.

{¶ 12} This controversy centers around Dr. Katz's report, which was prepared after the claimed period of disability had ended. Claimant asserts that a report which post-dates the period of disability can never constitute "some evidence" upon which the commission can rely. We disagree.

{¶ 13} There are parallels between an examining doctor who offers a retroactive opinion and a doctor who renders an opinion as to a claimant's current status without examination. The evidentiary acceptability of the latter is long-settled, having been equated to an expert's response to a hypothetical question. *State ex rel. Wallace v. Indus. Comm.* (1979), 57 Ohio St.2d 55, 11 O.O.3d 216, 386 N.E.2d 1109; *State ex rel. Hughes v. Goodyear Tire & Rubber Co.* (1986), 26 Ohio St.3d 71, 26 OBR 61, 498 N.E.2d 459; *State ex rel. Lampkins v. Dayton Malleable, Inc.* (1989), 45 Ohio St.3d 14, 542 N.E.2d 1105.

{¶ 14} As in the case of a non-examining physician, however, certain safeguards must apply when dealing with a report that is not based on an examination done contemporaneously with the claimed period of disability. We find it imperative, for example, that the doctor review all of the relevant medical evidence generated prior to that time. In this instance, the conspicuous reference to the emergency room reports coupled with the equally conspicuous lack of reference to Dr. McFadden's reports suggests to us that Dr. Katz may have overlooked the latter. We cannot, therefore, find that Dr. Katz's report is "some evidence" upon which the commission could rely.

{¶ 15} Removal of Dr. Katz's report, however, does not compel an award of temporary total disability compensation. As we observed in *Lampkins, supra*:

"Any award of temporary total disability compensation must be supported by some evidence establishing that a temporary condition precluded the return to the former position of employment. *** Therefore, a lack of evidence supporting a denial of temporary total disability benefits cannot automatically translate into some evidence supporting an award of such benefits. Recognizing that the determination of disability is a commission function, we thus remand the cause to the commission to determine whether appellee qualifies for temporary total disability compensation and to identify the evidence supporting its finding." *Id.* at 16-17, 542 N.E.2d at 1108.

{¶ 16} We find a similar disposition to be warranted in this case. Accordingly, the judgment of the court of appeals is reversed and a limited writ is issued returning the cause to the commission for further consideration and amended order.

*Judgment reversed and*
*limited writ issued.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

PFEIFER, J., dissents and would affirm the judgment of the court of appeals.

WRIGHT, J., not participating.

———————————