THE STATE EX REL. DISMUKE, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; FORD MOTOR COMPANY, APPELLANT.

[Cite as *State ex rel. Dismuke v. Indus. Comm.,* 100 Ohio St.3d 31, 2003-Ohio-4775.]

(No. 2002–2084—Submitted July 22, 2003—Decided September 24, 2003.)

_____

{¶ 1} The judgment of the court of appeals is affirmed consistent with the opinion of the court of appeals.

MOYER, C.J., RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

LUNDBERG STRATTON and O'DONNELL, JJ., dissent.

O'CONNOR, J., dissents.

_____

O'DONNELL, J., dissenting.

{¶ 2} I respectfully dissent from the majority's determination that a writ of mandamus should issue consistent with the decision of the Tenth District Court of Appeals.

{¶ 3} The record before us reveals that appellee, Mary Dismuke, has an eight percent impairment of the whole person as a result of the work-related injury to her right knee and lower back sustained when she slipped on icy pavement as she walked into a Ford Motor Company plant on February 9, 1994. Her allowed conditions are a right knee strain, contusion of the coccyx, aggravation of preexisting osteoarthritis of her right knee and lumbar region, and lumbosacral strain. The record further reveals that, following his December 1997 examination of Dismuke, Dr. Douglas Rist concluded that while she could not return to her occupation in factory work, she could engage in "sustained remunerative work activity." The commission adopted this latter conclusion in denying permanent total disability compensation ("PTD"), stating: "Based upon the allowed conditions in the claim, the medical and nonmedical disability factors, it is the finding of the [commission] that the Claimant is capable of engaging in sustained remunerative employment. While the Claimant may be unable to do heavy or medium work, at this time she is capable of performing sedentary or light work. With some physical therapy and vocational training, she most likely would be able to perform medium work."

{¶ 4} For a court to grant a writ of mandamus, the relator must show a clear legal right to the relief requested and a clear legal duty on the part of the commission to provide the relief. *State ex rel. Hughes v. Goodyear Tire & Rubber Co.* (1986), 26 Ohio St.3d 71, 73, 26 OBR 61, 498 N.E.2d 459. "To show the clear legal right, relator must demonstrate that the commission abused its discretion by entering an order unsupported by some evidence in the record." Id. When the record contains some evidence to support the commission's factual findings, a court may not disturb the commission's findings in mandamus. *State ex rel. Fiber–Lite Corp. v. Indus. Comm.* (1988), 36 Ohio St.3d 202, 522 N.E.2d 548, syllabus. Furthermore, the commission alone has the responsibility of assessing evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 20–21, 31 OBR 70, 508 N.E.2d 936.

{¶ 5} In the present case, the Tenth District Court of Appeals perceived an inconsistency between Dr. Rist's conclusion that Dismuke could not return to her occupation in factory work and the court's incorrect impression that the commission had found her able to return to work on the assembly line at Ford. Based upon that perceived inconsistency, the court ordered the commission to vacate its order and issue a new one, with an adequate explanation, granting or denying the application for PTD. The court, however, never determined whether the record contained any evidence supporting the findings of the commission. Here, the

commission specifically adopted one of Dr. Rist's findings, that Dismuke was capable of sustained remunerative activity, and the record therefore contains evidence to support this finding of the commission.

{¶ 6} The issue for resolution here is not whether Dismuke can return to employment at Ford but rather whether she can return to sustained employment anywhere. See *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 170, 31 OBR 369, 509 N.E.2d 946 (defining permanent total disability as the inability to engage in sustained remunerative employment). Therefore, any inconsistency regarding Dismuke's ability to return to her former position at Ford is immaterial because her entitlement to PTD is based upon her inability to engage in sustained remunerative employment. Significantly, Dr. Rist found her capable of engaging in sustained remunerative activity, and the commission denied her PTD based on that finding, which it incorporated into its conclusions. Accordingly, evidence in the record supports the commission's decision in this case.

{¶ 7} Furthermore, based on the record, it is difficult for me to equate Dismuke's eight percent whole-person impairment with a permanent total disability, especially in light of the evidence regarding her ability to engage in sustained remunerative activity and the commission's findings based on those opinions. For example, an employability assessment conducted by Janice Gruhn, M.Ed., a certified rehabilitation counselor and disability management specialist, listed electric component processor, mixer operator, and shredder operator among many occupations that Dismuke could be expected to perform without academic remediation, and check cashier, telephone solicitor, and order clerk among several other options available with such remediation.

{¶ 8} Finally, although Dismuke has debilitating nonallowed medical conditions, including severe gastrointestinal disease, a severe respiratory condition, and a chronic overweight condition, these cannot form the basis of entitlement to PTD. *State ex rel. Nicholson v. Copperweld Steel Co.* (1996), 77 Ohio St.3d 193, 199, 672 N.E.2d 657.

{¶ 9} Therefore, the commission's decision is supported by evidence in the record, and relator cannot show either a clear legal right to the relief requested or any clear legal duty on the part of the commission to provide that relief. Accordingly, I dissent.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

---

Mitchell A. Stern, for appellee.

Timothy J. Krantz, for appellant.