THE STATE EX REL. CATHOLIC DIOCESE OF CLEVELAND, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Catholic Diocese of Cleveland
v. Indus. Comm.* (1994), 69 Ohio St.3d 560.]

(No. 93–988—Submitted April 19, 1994—Decided July 13, 1994.)

*Petro, Rademaker, Matty & McClelland, Cathryn R. Ensign* and *Dennis A. Rademaker,* for appellant.

*Lee Fisher,* Attorney General, and *Richard A. Hernandez,* Assistant Attorney General, for appellee Industrial Commission.

*Wincek & DeRosa Co., L.P.A.,* and *Christopher G. Wincek,* for appellee Jessie Davies.

*Per Curiam.* We are once again asked to examine the commission's order for "some evidence" as required by *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936. Upon review, we find that the order is properly supported, and affirm the judgment of the court below.

Appellant's assault on the credibility of Dr. Loeb's report is unpersuasive. His opinion is neither equivocal nor improperly premised. Loeb made two distinct statements: (1) claimant's hip problem prevented a return to her former job *and* (2) her psychiatric and physical conditions together permanently and totally disabled her. These two opinions are complementary, not contradictory, and the latter establishes the requisite inability to perform sustained remunerative employment.

Loeb's report is also not fatally flawed by his conclusion that claimant is permanently and totally *disabled* as opposed to permanently and totally *impaired.* While doctors are indeed limited to evaluating claimants for medical

impairment, *State ex rel. Stephenson v. Indus. Comm.* (1987), 31 Ohio St.3d 167, 31 OBR 369, 509 N.E.2d 946, recognized that physicians, being medical not legal specialists, often use "disability" and "impairment" interchangeably. Accordingly, *Stephenson* held that the commission need not automatically discount such evidence, where it is clear that the examiner was not taking nonmedical factors into consideration.

In this case, there is no evidence that Dr. Loeb's opinion included nonmedical factors. To the contrary, he specifically indicated that age did not contribute to her inability to work. Loeb's report is not, therefore, deficient in this respect.

Similarly, Loeb's report is not undermined by his failure to employ the words "unable to perform sustained remunerative employment" rather than simply labelling claimant "permanently and totally disabled." The two phrases are often used interchangeably and as we have previously indicated, evidence is not to be excluded merely because a doctor does not use specific buzz words when the meaning is otherwise clear. *State ex rel. Hughes v. Goodyear Tire & Rubber Co.* (1986), 26 Ohio St.3d 71, 26 OBR 61, 498 N.E.2d 459.

Finally, that claimant's psychiatric condition was not allowed until after Loeb issued his report does not invalidate his combined-effects opinion. The chronology of the allowance is immaterial. That the psychiatric condition was ultimately allowed is all that matters.

Accordingly, we find that Dr. Loeb's report is "some evidence" upon which the commission could rely. Moreover, because his opinion attests to a medical inability to do sustained remunerative employment, it is unnecessary for us to examine the commission's treatment of claimant's nonmedical factors. *State ex rel. Galion Mfg. Div., Dresser Industries, Inc. v. Haygood* (1991), 60 Ohio St.3d 38, 573 N.E.2d 60.

For these reasons, the court of appeals' judgment is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.