DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, The Ohio State University, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its award for permanent total disability compensation to respondent-claimant, Maxine Allen, and to issue a new order denying such compensation, or, in the alternative, to consider the application without the consideration of Dr. Raymond A. Mondora's report and to issue an order that meets the requirements of State ex rel. Noll v. Indus. Comm. (1991),57 Ohio St.3d 203.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided this court should issue a writ of mandamus to order the commission to vacate its order and dismiss claimant's application for failure to meet the time requirements set forth in Ohio Adm. Code 4121-3-34(C)(1). The commission has filed objections to the magistrate's decision.[1]
 {¶ 3} In its objections, the commission argues that the magistrate erred in ordering dismissal of claimant's application as the issue of timeliness was not raised by relator and, therefore, has been waived. The commission concedes that the report of Dr. Mondora was deficient and did not constitute some evidence and that the order did not meet the requirements ofNoll. Relator argues in response that the commission is required to comply with its own rules and, therefore, there could be no waiver of the time requirement in Ohio Adm. Code 4121-3-34(C)(1).
 {¶ 4} Ohio Adm. Code 4121-3-34(C)(1) provides in part that an application for permanent total disability compensation shall be accompanied by supporting medical evidence from a physician based on an examination performed within 15 months prior to the date the permanent total disability application was filed. The magistrate found that the report of Dr. Mondora, on which the commission relied, is silent as to whether or when a medical examination was performed.
 {¶ 5} In State ex rel. Quarto Mining Co. v. Foreman (1997),79 Ohio St.3d 78, 81-82, the Ohio Supreme Court stated:
* * * [T]he question in this case is not, as the employer claims, about whether an issue must be raised by some "formal procedure" or placed on some "formal record" before the commission. * * * Instead, the essence of the employer's first three arguments, properly construed, is that the issue raises itself by virtue of being manifest in the record.
"Ordinarily, reviewing courts do not consider questions not presented to the court whose judgment is sought to be reversed." * * * Nor do appellate courts have to consider an error which the complaining party "could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." * * *
These rules are deeply embedded in a just regard for the fair administration of justice. They are designed to afford the opposing party a meaningful opportunity to respond to issues or errors that may affect or vitiate his or her cause. Thus, they do not permit a party to sit idly by until he or she loses on one ground only to avail himself or herself of another on appeal. In addition, they protect the role of the courts and the dignity of the proceedings before them by imposing upon counsel the duty to exercise diligence in his or her own cause and to aid the court rather than silently mislead it into the commission of error. * * *
The employer * * * essentially seeks a dispensation or relaxation of these rules in proceedings before the commission. However, there is nothing about the purpose of workers' compensation legislation or the character of the proceedings before the commission that would justify such action. As Professor Larson explains, "evidentiary and procedural rules usually have an irreducible hard core of necessary function that cannot be dispensed with in any orderly investigation of the merits of a case." * * * Thus, "when the rule whose relaxation is in question is more than a merely formal requirement and touches substantial rights of fair play, the relaxation is no more justified on a compensation appeal than on any other. Such arule is that forbidding the raising on appeal of an issue thathas not been raised below * * *." * * *
* * *
"* * * Had [appellant] desired to avail herself of the asserted bar of limitations, she should have done so in the administrative forum, where the commissioner could have prepared his case, alert to the need of resisting this defense, and the hearing officer might have made appropriate findings thereon." * * *
(Emphasis sic.)
 {¶ 6} Here, relator failed to raise the issue of timeliness before the commission and neither the commission nor the claimant had the opportunity to present evidence as to the date of Dr. Mondora's report. Therefore, this issue has been waived.
 {¶ 7} Even assuming arguendo the issue of timeliness was not waived, we would still come to the same conclusion that the magistrate erred in deciding the permanent total disability application should be dismissed.
 {¶ 8} In this instance, the purpose of a mandamus action is for this court to determine whether the commission erred in interpretation of its rules not to interpret the rule in the first instance. The commission should decide whether Ohio Adm. Code 4121-3-34(C)(1) requires the date of the medical examination be contained within the doctor's report itself, or whether the commission could properly look to other evidence in the record to determine whether the medical examination occurred within 15 months of the permanent total disability compensation application. Relator also argues that a remand of this matter to the commission is futile, as there is no other evidence which might properly be considered. Again, however, this is a decision to be made in the first instance by the commission.
 {¶ 9} For the foregoing reasons, based upon a review of the magistrate's decision and an independent review of the record, this court adopts the magistrate's findings of fact but rejects the magistrate's conclusions of law. The objections to the magistrate's decision are sustained, and this court grants a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its decision that granted permanent total disability compensation to claimant, Maxine Allen, and to issue a new order which grants or denies such compensation and meets the requirements of Noll.
 Objections sustained, Writ of mandamus granted.
Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. : The Ohio State University, : Relator, : v. : No. 03AP-823 Maxine Allen and The Industrial : (REGULAR CALENDAR) Commission of Ohio, : Respondents. :
 MAGISTRATE'S DECISION Rendered on January 29, 2004 Dinsmore Shohl, LLP, Michael L. Squillace and Theresa M.Muhic, for relator.
Jim Petro, Attorney General, and Stephen D. Plymale, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 10} In this original action in mandamus, relator, The Ohio State University, asks the court to issue a writ compelling respondent Industrial Commission of Ohio ("commission") to vacate its order awarding compensation for permanent total disability ("PTD") to respondent Maxine Allen, and to issue a new order denying PTD or, in the alternative, to consider the PTD application without consideration of a particular medical report and to issue an order complying with State ex rel. Noll v.Indus. Comm. (1991), 57 Ohio St.3d 203, and other authorities.
Findings of Fact:
 {¶ 11} 1. Maxine Allen ("claimant") has three workers' compensation claims, the third of which occurred in 1987 and was allowed for multiple conditions of the right knee.
 {¶ 12} 2. In April 2001, claimant filed a PTD application indicating that she graduated from high school and could read, write and do basic math.
 {¶ 13} 3. Accompanying the application was a medical report form from Raymond A. Mondora, D.O., as follows:
* * * HISTORY: L knee pain
* * * COMPLAINTS: [blank]
* * * PHYSICAL FINDINGS: L knee TTP[,] ROM [reduced range of motion] + Edema
* * * LABORATORY AND X-RAY REPORTS: [blank]
* * * DIAGNOSIS: 844.9, 836.1, 727.40 + 715.96
* * * Are diagnosis and findings the result of this injury? Yes.
* * * Has such medical impairment caused a decrease in claimant's energy, usefulness, health and strength so that when con-sidered with other non-medical evidence, there has been a corresponding decrease in the ability of claimant to earn a living sub-sequent to his compensable injury as compared to his ability to earn a living prior to sustaining the disability?
(Initial) Yes No
* * * Is the claimant permanently and totally disabled as a result of this injury when taking into account his age, education and all other factors, such as physical and sociological, that are known to you?
(Initial) Yes No
This report has been completed and signed by me after a personal examination of the claimant on the [blank] day of [blank] 19__.
(Emphasis sic.) The report has no legible date indicating when it was signed, but the commission later stated in its order that the date of the report was February 19, 2001.
 {¶ 14} 4. Claimant was examined on behalf of the commission by Timothy J. Fallon, M.D., who found that claimant had sustained a ten percent whole-body impairment attributable to her allowed left knee conditions and a five percent impairment due to her allowed back conditions. He concluded that claimant had the medical capacity to perform sedentary work.
 {¶ 15} 5. Pursuant to a hearing in February 2002, the commission granted PTD as follows:
In a report dated 02/19/2001, Dr. Mondora indicated that the claimant is permanently and totally disabled as a result of the allowed conditions of claim PEL53418.
Based on the report of Dr. Mondora, which is persuasive, the Staff Hearing Officer finds that the claimant is permanently removed from sustained remunerative employment on a medical impairment basis, considering the allowed conditions, and that the claimant is permanently and totally disabled on that basis, with consideration of non-medical disability factors rendered unnecessary. * * *
In the alternative, the commission found that claimant had the medical capacity for sedentary work but that the nonmedical factors precluded sedentary work:
In the alternative, the Staff Hearing Officer finds that even assuming that the claimant has the residual functional capacity to perform sedentary work activity, as set forth in the 10/10/2001 report from Industrial Commission specialist Dr. Fallon, the Staff Hearing Officer would nonetheless find that the claimant's degree of medical impairment would combine with the disability factors of her age of 75 and her lack of transferable skills to render her permanently and totally disabled in any event.
 {¶ 16} 6. In 2003, the employer filed the present action in mandamus. The commission filed a brief conceding that Dr. Mondora's report did not constitute "some evidence" on which the commission could rely and also conceding that the PTD order did satisfy Noll. The commission concluded that the court should issue a limited writ returning this matter to the commission for further consideration of the PTD application and issuance of a new order. Claimant did not file a brief.
Conclusions of Law:
 {¶ 17} In this original action in mandamus, the employer raises three issues: (1) that Dr. Mondora's report was defective on its face and cannot constitute some evidence on which the commission may rely to award PTD; (2) that the commission's alternative rationale failed to meet the requirements of Noll;
and (3) that the medical evidence accompanying the application did not satisfy the threshold requirements for a PTD application and that Ohio Adm. Code 4121-3-34(C) accordingly imposed a legal duty on the commission to dismiss the noncomplying application.
 {¶ 18} It is settled that, when a medical expert expresses a disability opinion based on nonmedical factors such as education and employment history, that opinion is disqualified from evidentiary consideration. State ex rel. Shields v. Indus.Comm. (1996), 74 Ohio St.3d 264, 268; State ex rel. CatholicDiocese of Cleveland v. Indus. Comm. (1994), 69 Ohio St.3d 560. However, where the doctor's medical and vocational commentaries can be separated, the commission may simply disregard a physician's opinions on vocational matters and accept the purely medical opinion. Catholic Diocese.
 {¶ 19} In the present action, Dr. Mondora's opinion is a based on a mixture of medical and nonmedical factors, and must be barred from evidentiary consideration. An abuse of discretion of this kind ordinarily warrants the issuance of a limited writ returning the matter to the commission to consider the PTD application excluding consideration of the defective medical report.
 {¶ 20} Second, in its alternative rationale, the commission failed to give adequate consideration to all the vocational factors. The commission failed to consider education and work history, relying solely on advanced age. Accordingly, the order does not comply with Noll, supra. Ordinarily, when a commission order does not comply with Noll, a limited writ is issued directing the commission to provide an amended order citing some evidence and providing a brief explanation of its reasoning with respect to all the relevant medical and nonmedical/vocational factors.
 {¶ 21} Third, Ohio Adm. Code 4121-3-34(C)(1) sets forth requirements for PTD applications, one of which is that the application must be accompanied by a medical opinion based on an examination performed within 15 months of the application:
Each application for permanent total disability shall be accompanied by medical evidence from a physician, or a psychologist or a psychiatric specialist in a claim that has been allowed for a psychiatric or psychological condition, that supports an application for permanent and total disability compensation. The medical examination upon which the report is based must be performed within fifteen months prior to the date of filing of the application for permanent and total disability compensation. The medical evidence used to support an application for permanent total disability compensation is to provide an opinion that addresses the claimant's inability to work (for example, the claimant will never be able to return to his former position of employment, or will never return to work) resulting from the allowed conditions in the claim(s). A vocational expert's opinion, by itself, is insufficient to support an application for permanent total disability compensation. If the application for permanent total disability is filed without the required medical evidence, it shall be dismissed without hearing.
 {¶ 22} The language of the rule is mandatory: if the PTD application is not accompanied by a medical opinion based on anexamination performed within 15 months of the application, the commission must dismiss it. In the present action, the report of Dr. Mondora is silent as to whether any medical examination was performed. Moreover, even if an examination was performed, the report does not give the date of such examination.
 {¶ 23} Ohio Adm. Code 4121-3-34(C)(1) does not focus on when the report was prepared but requires that the report must be based on an examination performed within 15 months of the application. Dr. Mondora's report fails to meet that requirement. Accordingly, the commission had a duty to dismiss the application.
 {¶ 24} Based on the foregoing, the magistrate recommends that the court grant a writ directing the commission to vacate its PTD order and issue a new order dismissing the application.
 /s/ P.A. Davidson
P.A. DAVIDSON MAGISTRATE
[1] During the pendency of this action, claimant died; however, inasmuch as vacation of the award might allow relator an experience credit and reimbursement from the state surplus fund, we conclude this action is not moot.