DECISION
{¶ 1} In this original action, relator, Dawn Boyer, requests a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying her request for temporary total disability compensation ("TTD") and enter an order granting said compensation for the period of December 2, 2003 through November 16, 2004.
 {¶ 2} Pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On July 21, 2005, the magistrate issued her decision, including supportive findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate found that the commission properly considered the reports of Drs. Hospel and Peoples and that those reports constitute "some evidence" in support of the commission's decision. Furthermore, the magistrate determined that relator failed to demonstrate an abuse of discretion by the commission in the denial of her application for TTD compensation. Therefore, the magistrate recommended that the requested writ of mandamus be denied.
 {¶ 3} Relator filed objections to the magistrate's decision essentially rearguing the same points that were adequately addressed in said decision. For the reasons set forth in the magistrate's decision, relator's arguments are without merit.
 {¶ 4} Following an independent review of this matter pursuant to Civ.R. 53, we find that the magistrate has properly determined the pertinent facts and applied the appropriate law to those facts. Consequently, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Relator's objections are overruled. In accord with the magistrate's recommendation and decision, we deny the requested writ of mandamus.
Objections overruled; writ of mandamus denied.
Petree and Sadler, JJ., concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. :
Dawn Boyer,
 :
 Relator,
 :
v. No. 05AP-107
 :
Industrial Commission of Ohio (REGULAR CALENDAR)
and Trans-Fleet Enterprises, Inc., :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on July 21, 2005 Pencheff Fraley Co., LPA, Joseph A. Fraley and Amanda B. Brown, for relator.
Jim Petro, Attorney General, and Kevin J. Reis, for respondent Industrial Commission of Ohio.
Reminger Reminger Co. L.P.A., Paulette M. Ivan and Mick L.Proxmire, for respondent Trans-Fleet Enterprise.
 IN MANDAMUS {¶ 5} Relator, Dawn Boyer, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her request for temporary total disability ("TTD") compensation for the period December 2, 2003 through November 16, 2004, and ordering the commission to find that she is entitled to said period of TTD compensation.
Findings of Fact:
 {¶ 6} 1. Relator sustained a work-related injury on May 1, 2003 when she caught a 150 pound "shrink-wrap roll" which had started to fall. Relator's claim was initially allowed for: "sprain left shoulder."
 {¶ 7} 2. Relator began receiving TTD compensation based upon C-84s submitted by her treating physician Matthew A. Bridger, M.D., who indicated that he was treating her for sprain left shoulder and sprain of neck. Dr. Bridger's May 5, 2003 report indicates that relator complained of upper arm discomfort in the shoulder area and up into her neck following the injury.
 {¶ 8} 3. Relator's TTD compensation was terminated based upon a finding that her sprain left shoulder condition had reached maximum medical improvement ("MMI") by order of a district hearing officer ("DHO") dated December 1, 2003.
 {¶ 9} 4. On November 25, 2003, relator filed a request for TTD compensation from the last date paid forward based upon C-84s prepared by Dr. Bridger.
 {¶ 10} 5. On March 19, 2004, relator filed a motion requesting that her claim be amended to include the following conditions: "cervical sprain/strain[;] cervical disc displacement with myelopathy [and] disc protrusion at C5-6 by way of direct causation and/or aggravation."
 {¶ 11} 6. At the hearing before the DHO on July 14, 2004, counsel for relator withdrew the request to additionally allow relator's claim for cervical disc displacement with myelopathy and disc protrusion at C5-6 by way of direct causation and/or aggravation. The DHO determined that relator's claim should be additionally allowed for the condition cervical sprain/strain based upon the March 1, 2004 report of Maria R. Coccia, M.D.
 {¶ 12} 7. Thomas G. Hospel, M.D., was requested to perform a medical review of all medical evidence in relator's claim file and was asked to give his opinion relative to relator's current request for TTD compensation. Dr. Hospel concluded that the medical evidence in the record did not support the requested period of TTD compensation. Specifically, Dr. Hospel noted as follows:
The objective medical information in the electronic medical file does not support the requested period of disability. The [injured worker]'s current cervical allowances are * * * cervical neck sprain. Soft tissue injuries typically resolve in 12 weeks. The requested period of TT is after that twelve-week period. The medical file reveals that the [injured worker] has multilevel degenerative disc disease in the cervical spine and a protruding disc at the level of C5-6. These conditions are not allowed in this claim. The ongoing cervical complaints are with a high degree of medical certainty secondary to these non-allowed conditions. There-fore, I would recommend against a period of TT as it relates to this claim.
 {¶ 13} 8. Relator's November 25, 2003 request for TTD compensation was heard before a DHO on October 6, 2004 and resulted in an order granting the requested compensation from the date last paid through October 6, 2004 and continuing based upon Dr. Bridger's C-84s. However, inasmuch as the C-84s noted the same objective and subjective complaints, the DHO ordered that relator be scheduled for a 90-day extent of disability exam.
 {¶ 14} 9. On October 25, 2004, Richard B. Peoples, M.D., reviewed the medical evidence in file and concluded that the medical evidence in the record failed to support the request for TTD compensation "beginning on November 30, 2003" and continuing. Dr. Peoples opined that her continued problems were not causally related to the May 1, 2003 industrial injury and noted that both the diagnoses of sprain of left shoulder and sprain of neck should have resolved within four to six weeks.
 {¶ 15} 10. The matter was heard before a staff hearing officer ("SHO") on November 16, 2004 and resulted in an order vacating the prior DHO order as follows:
The order of the District Hearing Officer, from the hearing dated 10/06/2004, is vacated.
On 12/01/2003 a District Hearing Officer found the injured worker to have reached maximum medical improvement for the only condition allowed at that time, SPRAIN LEFT SHOULDER.
On 07/14/2004 a District Hearing Officer additionally allowed the claim for "CERVICAL SPRAIN/STRAIN."
Therefore, there are new and changed circumstances since the finding of maximum medical improvement. However, are there additional conditions now making the injured worker temporary and totally disabled?
The Staff Hearing Officer finds that any temporary total disability is not related to the allowed conditions in the claim and denies temporary total disability from 12/02/2003 through today's date of 11/16/2004 based on the 07/22/2004 review by Dr. Hospel and the 10/25/2004 review by Dr. Peoples.
(Emphasis sic.) As such, based upon the reports of Drs. Hospel and Peoples, the SHO concluded that TTD compensation was not payable.
 {¶ 16} 11. Relator's appeal was refused by order of the commission mailed December 18, 2004.
 {¶ 17} 12. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 18} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show that she has a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v.Indus. Comm. (1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 19} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation is payable to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached maximum medical improvement. R.C. 4123.56(A).
 {¶ 20} In the present case, claimant's originally allowed condition of sprain left shoulder had been found to have reached MMI; however, it is undisputed that evidence of new and changed circumstances can warrant the payment of a new period of TTD compensation. In this case, the commission did find that relator had met the requirement of demonstrating new and changed circumstances since her TTD compensation had been terminated based upon the finding that the originally allowed condition had reached MMI. Specifically, the SHO noted that, in the interim, relator's claim had been additionally allowed for the condition of cervical sprain/strain. However, based upon the reports of Drs. Hospel and Peoples, the SHO concluded that relator's cervical sprain/strain should have resolved and that "any temporary total disability is not related to the allowed conditions in the claim." Both Drs. Hospel and Peoples concluded that relator's current problems were not directly related to the May 1, 2003 industrial injury.
 {¶ 21} In the present case, relator challenges the reports of Drs. Hospel and Peoples who conducted file reviews. Relator asserts that their reports cannot constitute some evidence in this instance. However, provided that a doctor who conducts a file review expressly accepts the findings of the reviewing physicians, their report can constitute "some evidence." State ex rel. Wallace v. Indus. Comm. (1979), 57 Ohio St.2d 55. Both doctors did so and the commission was permitted to consider their reports. Thereafter, questions of credibility and the weight to be given evidence are matters within the discretion of the commission as fact finder. Teece. It is immaterial whether other evidence, even if greater in quality and/or quantity, supports a decision contrary to the commission. State ex rel. Pass v. C.S.T. Extraction Co. (1996),74 Ohio St.3d 373. In the present case, the commission's order is supported by some evidence which is identified by the commission and this magistrate finds that relator has not demonstrated that the commission abused its discretion in denying the requested period of TTD compensation.
 {¶ 22} Based on the foregoing, it is the magistrate's decision that relator has not demonstrated that the commission abused its discretion by denying her application for TTD compensation and this court should deny relator's request for a writ of mandamus.