Per Curiam.
{¶ 1} Charles G. Wyrick appeals the judgment of the court of appeals denying his request for a writ of mandamus that would require appellee Industrial Commission to award scheduled loss benefits for the loss of use of his left arm. Wyrick argues that the commission abused its discretion when it relied on the report of Dr. D. Ann Middaugh as evidence that Wyrick had retained some use of his left arm to deny his request for benefits under R.C. 4123.57(B).
{¶ 2} We agree that the commission abused its discretion when it relied on the report of Dr. Middaugh. Consequently, we reverse the judgment of the court of appeals.
{¶ 3} On March 8, 2006, Wyrick was injured when he fell off scaffolding while working as a carpenter for appellee Commercial Drywall Systems, Inc. His workers’ compensation claim was allowed for a dislocated left shoulder, a superficial injury to his left hand, cellulitis in his left fourth finger, a torn left rotator cuff, and a herniated disc at C5-6.
{¶ 4} On February 3, 2010, Wyrick filed a motion requesting compensation for the scheduled loss of use of his left upper extremity, supported by the January 19, 2010 report of Dr. George D.J. Griffin III. Dr. Griffin reported that Wyrick had no rotator cuff present and had lost the functional use of his left upper extremity.
{¶ 5} The commission submitted the report of Dr. D. Ann Middaugh, who performed an independent medical examination of Wyrick. Dr. Middaugh acknowledged that Wyrick has lost the use of his left rotator cuff, but she opined that he “has significant remaining function of his left upper extremity including no limitation in use of the forearm, wrist and hand so long as the elbow is maintained at the waist level.” She stated that “the objective documentation and physical examination does [sic] not support total permanent loss of use of the left upper extremity to the degree that the involved body part is useless for all purposes.”
{¶ 6} A staff hearing officer denied Wyrick’s request for compensation. The hearing officer relied on the report of Dr. Middaugh as some evidence that Wyrick had not entirely lost the use of his left arm.
{¶ 7} Wyrick filed a complaint for a writ of mandamus alleging that the commission’s finding was a gross abuse of discretion. In his brief in support, he *467 alleged that Dr. Middaugh’s report could not constitute some evidence because she had failed to use the proper legal standard when evaluating the loss of use of his arm. Wyrick asked the court to issue a writ that would require the commission to grant his application for the loss of use of the left upper extremity.
{¶ 8} The court of appeals concluded that Dr. Middaugh had relied on the appropriate legal standard when she evaluated the function in Wyrick’s left arm. Thus, the court concluded that Dr. Middaugh’s report was some evidence upon which the commission could rely to deny scheduled loss compensation and denied the writ.
{¶ 9} This cause is now before the court on Wyrick’s appeal as of right.
{¶ 10} R.C. 4123.57(B) provides a schedule of compensation payable to an injured worker for the loss of a body part enumerated in the statute. There is no provision in the statute for the loss of an “upper extremity”; thus, we consider Wyrick’s request to be for the loss of his left arm. “Loss” within the meaning of R.C. 4123.57(B) includes not only amputation, but also the loss of use of the affected body part. State ex rel. Moorehead v. Indus. Comm., 112 Ohio St.3d 27; 2006-Ohio-6364, 857 N.E.2d 1203, at ¶ 13. The loss of use need not be absolute if the claimant has “suffered the permanent loss of use of the injured bodily member for all practical intents and purposes.” State ex rel. Alcoa Bldg. Prods. v. Indus. Comm., 102 Ohio St.3d 341, 2004-Ohio-3166, 810 N.E.2d 946, ¶ 12.
{¶ 11} Wyrick argues that Dr. Middaugh’s report was flawed because the doctor failed to use the proper legal standard and evaluate Wyrick’s loss for “all practical purposes.” Thus, Wyrick maintains, Dr. Middaugh’s report could not constitute some evidence upon which the commission could rely to deny his request for scheduled loss benefits. See id.
{¶ 12} We disagree with Wyrick’s assertion that Dr. Middaugh used an improper legal standard. Nevertheless, we agree that her report cannot constitute some evidence to support the commission’s decision because her conclusion that Wyrick’s arm retains “significant remaining function” is inconsistent with the findings of her physical examination and her observations.
{¶ 13} In her report, Dr. Middaugh acknowledged that Wyrick was able to use his left forearm and hand only if he holds his arm next to his body with the elbow at waist level and that he was unable to lift his arm without assistance. Her examination revealed that he holds his left arm with the elbow flexed and hand at his waist level. Dr. Middaugh observed that Wyrick’s range of motion and ability to function were severely limited due to the loss of his entire rotator cuff.
{¶ 14} We find that Dr. Middaugh’s findings are not consistent with her ultimate conclusion. She concluded that Wyrick had “significant remaining function of his left upper extremity,” while finding at the same time that he was *468 able to use his hand, wrist, and forearm only if the elbow remains at waist level. A report that is internally inconsistent cannot be some evidence supporting the commission’s decision. State ex rel. Lopez v. Indus. Comm., 69 Ohio St.3d 445, 449, 633 N.E.2d 528 (1994). Consequently, Dr. Middaugh’s report cannot be some evidence supporting the commission’s decision to deny an award for loss of use and must be removed from consideration.
{¶ 15} On the other hand, the January 19, 2010 report of Wyrick’s treating physician, Dr. Griffin, stated that, for all practical purposes, Wyrick had lost the function of his left arm. Because this is the only other report submitted for consideration with his motion for a loss-of-use award, there is no reason to return this matter to the commission for further consideration. Thus, pursuant to State ex rel. Gay v. Mihm, 68 Ohio St.3d 315, 626 N.E.2d 666 (1994), we order that Wyrick is entitled to an award for the scheduled loss of his left arm. State ex rel. Franks v. Indus. Comm., 99 Ohio St.3d 35, 2003-Ohio-2456, 788 N.E.2d 1050, ¶ 28.
{¶ 16} The judgment of the court of appeals is reversed.
Judgment reversed and writ granted.
O’Connor, C.J., and Pfeifer, Lanzinger, and O’Neill, JJ., concur.
O’Donnell, Kennedy, and French, JJ., dissent.