[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Packaging Corp. of Am. v. Indus. Comm.,* Slip Opinion No. 2014-Ohio-2871.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-2871

THE STATE EX REL. PACKAGING CORPORATION OF AMERICA, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Packaging Corp. of Am. v. Indus. Comm.,* Slip Opinion No. 2014-Ohio-2871.]

*Workers' compensation—Mandamus—Temporary-total-disability compensation— Commission not required to explain why it rejected particular medical report—Commission does not abuse discretion by relying on certain evidence when there is equally persuasive contrary evidence in the record.*

(No. 2012-1057—Submitted April 8, 2014—Decided July 2, 2014.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-273, 2012-Ohio-2031.

_____

**Per Curiam**.

{¶ 1}  Appellant, Packaging Corporation of America ("PCA"), appeals the judgment of the Tenth District Court of Appeals, which denied PCA's request for a writ of mandamus that would require the Industrial Commission, appellee, to

vacate its September 8, 2011 order awarding temporary-total-disability compensation to the claimant, appellee Gregory Murphy.

{¶ 2} The court of appeals concluded that the commission did not abuse its discretion, because the record contained evidence supporting the commission's decision to award temporary-total-disability compensation in Murphy's 2001 workers' compensation claim. The appellate court denied PCA's request for a writ. We affirm.

*Facts and Procedural History*

{¶ 3} Gregory Murphy suffered two work-related injuries. He injured his neck on April 24, 2001. His claim was allowed for cervical strain, aggravation of preexisting cervical spondylosis, and aggravation of cervical-spine disc herniations. He was off work for approximately two weeks and then returned to work without restrictions.

{¶ 4} Murphy's second injury occurred on September 5, 2006. His claim was allowed for strain of his right shoulder and elbow, lumbar strain, right rotator-cuff tear, right bicep tendinitis, and right-shoulder impingement tendinitis. He received temporary-total-disability compensation for the 2006 claim from October 5, 2007, through February 9, 2010.

{¶ 5} This appeal involves Murphy's 2001 claim. The following events occurred in the 2001 claim after Murphy's 2006 industrial injury.

*First Request for Temporary-Total-Disability Benefits for 2001 Neck Injury*

{¶ 6} While receiving temporary-total-disability compensation for his 2006 shoulder injury, Murphy continued to see Dr. Norman W. Lefkovitz for neck pain attributed to his 2001 injury. On December 26, 2007, Murphy filed a motion for temporary-total-disability compensation based on his 2001 neck injury. In April 2008, the commission denied Murphy's request because of insufficient medical evidence that the alleged disability was related to the allowed conditions in the claim. The commission rejected the reports of Dr. Lefkovitz,

noting that at one point the doctor had stated that Murphy was capable of working without restrictions. Moreover, the doctor failed to address November 2007 EMG and nerve-conduction-velocity tests showing that Murphy's condition was within normal limits. The commission relied instead on the opinion of Dr. Richard N. Kepple that Murphy's pain was unrelated to the allowed conditions and that the allowed conditions do not interfere with Murphy's ability to return to work.

*June 2009 Motorcycle Accident*

**{¶ 7}** On June 21, 2009, Murphy was involved in a motorcycle accident. He was driving without a helmet and struck a vehicle that pulled out in front of him. He rolled over the handlebars and across the hood of the other vehicle, landing on his feet. He was treated at the emergency room. Hospital records reported diagnoses of a concussion or closed head injury and right-hand abrasions.

*2009 Request for Pain Medications and Additional Treatment for 200l Injury*

**{¶ 8}** On October 2, 2009, Murphy filed a motion for approval of pain medications and additional treatments with Dr. Lefkovitz. A district hearing officer denied the request for lack of proof that the requested treatment was reasonably related to the allowed conditions and medically necessary.

**{¶ 9}** But on January 11, 2010, a staff hearing officer vacated that order and approved additional office visits with Dr. Lefkovitz, an MRI, and five weeks of therapy. The order was based, in part, on Murphy's testimony that his neck symptoms had increased while using weights during physical therapy for his 2006 shoulder claim[1] and that his motorcycle accident had not involved his cervical area. In addition, the order was based on a note from Dr. Curtis R. Noel, Murphy's treating physician for his 2006 shoulder claim, who stated that

---

[1] Murphy underwent surgery in October 2009 on his right elbow and shoulder, conditions unrelated to his 2001 claim, followed by a period of physical therapy.

Murphy's shoulder surgery had been successful but that he was now having neck symptoms.

*Motion for Surgery Denied*

{¶ 10} On April 21, 2010, Dr. Georges Z. Markarian, a neurosurgeon, examined Murphy and reported that he suffered from severe stenosis (a nonallowed condition). Murphy filed a motion for approval of surgery to be performed by Dr. Markarian. In October 2010, a hearing officer denied the request on the basis that the requested services were not reasonably related to an allowed condition, medically necessary, or appropriate.

*Second Request for Temporary-Total-Disability Benefits for 2001 Neck Injury*

{¶ 11} On May 5, 2010, Murphy filed a second request for temporary-total-disability compensation to begin February 10, 2010 (the day after his compensation for the 2006 claim ended). In support, Murphy attached a C-84 form from Dr. Lefkovitz.[2]

{¶ 12} The employer submitted a report from Dr. Elizabeth Mease, who performed an independent medical examination of Murphy on April 25, 2010. Dr. Mease concluded that Murphy's neck condition had reached maximum medical improvement and that he was capable of returning to his former position of employment. In August 2010, Dr. Mease issued an addendum to her report in which she noted that Murphy's 2007 EMG and nerve-conduction-velocity studies showed no evidence of cervical radiculopathy[3] and that, in her opinion, the 2009 motorcycle accident was the cause of Murphy's neck pain.

---

[2] A C-84 is a Bureau of Workers' Compensation form entitled, "Request for Temporary Total Compensation." The back of the form is completed by the attending physician. Here, Dr. Lefkovitz stated his clinical findings as a decreased range of motion and pain, and he checked a box indicating that the claimant was unable to return to work.

[3] According to WebMD.com, "cervical radiculopathy" is damage to or disturbance of nerve function in the cervical area that can cause pain and the loss of sensation in different parts of the upper extremities. http://www.webmd.com/pain-management/pain-management-cervical-radiculopathy (last accessed on June 27, 2014).

{¶ 13} In response to Dr. Mease's report, Dr. Lefkovitz prepared a letter dated June 10, 2010, stating that Murphy had had neck pain before the motorcycle accident as a result of his 2001 claim, and there was no substantial change in his neck pain after the accident.

{¶ 14} On June 28, 2010, a district hearing officer denied Murphy's request for temporary-total-disability compensation. The hearing officer found it significant that (1) Murphy had returned to work after the 2001 injury, without restrictions, until the 2006 injury occurred, (2) his recent disability was alleged to have begun the day after compensation ended for the 2006 claim, (3) a previous request for temporary-total-disability compensation had been denied in April 2008, and (4) his physician, Dr. Lefkovitz, failed to address the 2007 tests showing Murphy's condition as normal. The district hearing officer relied on the report of Dr. Mease as evidence to deny compensation. But the hearing officer also concluded that there was insufficient evidence that the motorcycle accident was an intervening injury that broke the chain of causation. Murphy appealed the decision.

{¶ 15} On September 8, 2010, a staff hearing officer vacated the order of the district hearing officer and granted temporary-total-disability benefits beginning February 10, 2010. The staff hearing officer relied on the following evidence: four C-84 forms signed by Dr. Lefkovitz, his June 10, 2010 response to Dr. Mease, and the January 11, 2010 order authorizing additional office visits and physical therapy with Dr. Lefkovitz. The hearing officer also considered a February 3, 2010 report from Dr. Noel filed in the 2006 claim, in which he stated that the physical therapy for the 2006 shoulder injury was aggravating Murphy's neck injury.

{¶ 16} The commission refused PCA's appeal.

*Complaint for Writ of Mandamus*

{¶ 17} PCA filed a complaint for a writ of mandamus in the Tenth District. The court of appeals concluded that the commission had not abused its discretion when it granted temporary-total-disability compensation, because the evidence demonstrated that the physical therapy for his 2006 claim had aggravated the claimant's neck conditions allowed in his 2001 claim. The appellate court denied the requested writ.

{¶ 18} This cause is now before the court on PCA's appeal as of right.

*Analysis*

{¶ 19} To be entitled to extraordinary relief in mandamus, PCA must demonstrate that the commission abused its discretion by entering an order not supported by the evidence in the record. *State ex rel. Avalon Precision Casting Co. v. Indus. Comm.*, 109 Ohio St.3d 237, 2006-Ohio-2287, 846 N.E.2d 1245, ¶ 9. PCA contends that the commission's order is not supported by the evidence, because the commission failed to address critical issues and material defenses.

{¶ 20} First, PCA contends that the commission did not address evidence that the claimant's neck condition had reached maximum medical improvement, a conclusion made by Dr. Mease.[4] PCA further maintains that there was no evidence that Murphy's neck had become worse since April 2008 when the commission denied his first request for temporary-total-disability compensation.

{¶ 21} The court of appeals disagreed. The court concluded that the commission had decided the issue of maximum medical improvement when it relied on the C-84 forms on which Dr. Lefkovitz had indicated that the allowed neck condition had not reached maximum medical improvement. The appellate

---

[4] R.C. 4123.56 provides that temporary-total-disability compensation terminates when a claimant reaches maximum medical improvement. That condition is defined as "a treatment plateau (static or well-stabilized) at which no fundamental functional or physiological change can be expected within reasonable medical probability in spite of continuing medical or rehabilitative procedures." Ohio Adm.Code 4121-3-32(A)(1).

court noted that the commission was not required to explain why it rejected Dr. Mease's report.

{¶ 22} Next, PCA contends that the commission did not address evidence that Dr. Markarian was treating the claimant for stenosis, a nonallowed condition, and had even recommended possible surgery for the condition. PCA maintains that if this nonallowed condition caused the alleged disability, then the claimant would not be eligible for temporary-total-disability compensation. According to the appellate court, Dr. Markarian's April 21, 2010 note mentioned the presence of stenosis but his statement did not amount to a medical opinion that the nonallowed condition caused the disability. The appellate court stated that PCA was merely asking the court to reweigh the evidence.

{¶ 23} PCA also contends that the report of Dr. Noel, who treated the claimant's 2006 injury, could not be used as evidence in the 2001 claim, because Dr. Noel examined Murphy for the 2006 not the 2001 injury, and Dr. Noel never stated that he had seen the entire file. The appellate court, however, noted that Dr. Noel had examined the claimant himself, and because of the significant overlap between the claimant's 2001 and 2006 injuries, the report was some evidence on which the commission could rely in the 2001 claim.

{¶ 24} Finally, PCA contends that the January 2010 order authorizing a limited number of conservative treatments with Dr. Lefkovitz was not evidence demonstrating that his condition had become temporarily and totally disabling. Nevertheless, the January 11, 2010 order was based, in part, on Murphy's own testimony that his neck symptoms had worsened while participating in physical therapy for the conditions in his 2006 claim.

{¶ 25} In its order, the commission is obligated only to identify the evidence on which it relied and to briefly explain its reasoning. *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203, 206, 567 N.E.2d 245 (1991); *State ex rel. Mitchell v. Robbins & Myers, Inc.*, 6 Ohio St.3d 481, 483-484, 453 N.E.2d 721

(1983). We agree with the court of appeals that there is evidence in the record supporting the decision to grant temporary-total-disability compensation.

{¶ 26} Here, the commission relied on the C-84s completed by Dr. Lefkovitz and his June 10, 2010 letter as evidence that Murphy was temporarily disabled as a result of his 2001 neck injury. These items of evidence, along with the January 11, 2010 order, constitute a sufficient basis for the commission to find that Murphy was temporarily and totally disabled. Although the commission chose not to rely on the more thorough report from Dr. Mease that the district hearing officer had cited, the commission has exclusive responsibility for evaluating the weight and credibility of the evidence before it. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165, 429 N.E.2d 433 (1981). It is not required to identify or explain the evidence it did not rely upon or why one piece of evidence was considered more persuasive than another. *State ex rel. Bell v. Indus. Comm.*, 72 Ohio St.3d 575, 577, 651 N.E.2d 989 (1995). Thus, it was not necessary for the commission to expressly discuss Dr. Mease's report or the presence of the nonallowed condition of stenosis. And it is not an abuse of discretion for the commission to rely on evidence that is contradicted by equally persuasive evidence. *State ex rel. Mobley v. Indus. Comm.*, 78 Ohio St.3d 579, 584, 679 N.E.2d 300 (1997).

{¶ 27} The commission also relied on its January 11, 2010 order as evidence that Murphy's neck condition had become temporarily worse. The commission based that order, in part, on the claimant's testimony that his use of weights during physical therapy for his 2006 claim caused an increase in his neck symptoms. The order was not appealed; thus, the commission was within its discretion to rely on the order in support of its decision that his neck condition had become disabling and justified an award of temporary-total-disability compensation.

8

**{¶ 28}** As discussed above, PCA objects to the commission's consideration of the report of Dr. Noel, who treated Murphy for his 2006 claim. But even if the court were to eliminate Dr. Noel's report from consideration, the reports of Dr. Lefkovitz are some evidence supporting the commission's decision.

**{¶ 29}** A court's role in reviewing a mandamus action is to determine whether there is some evidence supporting the commission's decision to grant temporary-total-disability compensation. *State ex rel. Burley v. Coil Packing, Inc.*, 31 Ohio St.3d 18, 508 N.E.2d 936 (1987), syllabus. The court of appeals determined that the commission's order was based on some evidence. We agree. Thus, the commission did not abuse its discretion when it awarded temporary-total-disability compensation, and mandamus is not warranted. *Avalon Precision Casting Co.,* 109 Ohio St.3d 237, 2006-Ohio-2287, 846 N.E.2d 1245, ¶ 9.

**{¶ 30}** We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, and O'NEILL, JJ., concur.

KENNEDY, J., concurs in judgment only.

FRENCH, J., not participating.

_____

Fisher & Phillips, L.L.P., and Robert M. Robenalt, for appellant.

Michael DeWine, Attorney General, and Patsy A. Thomas, Assistant Attorney General, for appellee Industrial Commission.

Stocker Pitts Co., L.P.A., and Thomas R. Pitts, for appellee Gregory Murphy.

_____