[Cite as *State ex rel. Wisner v. Indus. Comm.*, 2022-Ohio-3441.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Justin M. Wisner, | : | |
| Relator, | : | No. 21AP-494 |
| v. | : | (REGULAR CALENDAR) |
| Industrial Commission of Ohio et al., | : | |
| Respondents. | : | |

D E C I S I O N

Rendered on September 29, 2022

**On brief:** *Nager*, *Romaine & Schneiberg Co., LPA*, *Colter J. McArdle*, and *Catherine Lietzke*, for relator.

**On brief:** *Dave Yost*, Attorney General, and *David M. Canale*, for respondent Industrial Commission of Ohio.

IN MANDAMUS

JAMISON, J.

{¶ 1} Relator, Justin M. Wisner, seeks a writ of mandamus from this court ordering respondent, Industrial Commission of Ohio ("commission"), to vacate a decision by the commission awarding loss of vision of 60 percent of the left eye, and enter an order granting loss of vision of 90 percent of the left eye.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court deny relator's request for a writ of mandamus. Specifically, the magistrate found that a medical file review where a physician accepts the findings of the reviewing doctors is sufficient evidence to support the commission's findings. The magistrate further found that

the commission has no duty to explain why one report is considered more persuasive than another.

**{¶ 3}**  No party has filed objections to the magistrate's decision.  The matter is now before this court for review.

**{¶ 4}**  "If no timely objections are filed, the court may adopt a magistrate's decision unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). *See, e.g., State ex rel. Armengau v. French*, 10th Dist. No. 16AP-223, 2016-Ohio-5342, ¶ 3 ("Finding no error or other defect on the face of the magistrate's decision, this court adopts that decision as our own, including the findings of fact and conclusions of law.").  "Whether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification.  A court may hear a previously-referred matter, take additional evidence, or return a matter to a magistrate." Civ.R. 53(D)(4)(b).

**{¶ 5}**  Upon review, we find no error of law or other defect on the face of the magistrate's decision, and we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law.  In accordance with the magistrate's decision, we deny relator's requested writ of mandamus.

*Writ of mandamus denied.*

BEATTY BLUNT and MENTEL, JJ., concur.

_____

## APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Justin M. Wisner, | : | |
| Relator, | : | |
| v. | : | No. 21AP-494 |
| Industrial Commission of Ohio et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

Rendered on July 20, 2022

*Nager, Romaine & Schneiberg Co., LPA, Colter J. McArdle,* and *Catherine Lietzke*, for relator.

*Dave Yost*, Attorney General, and *David M. Canale,* for respondent Industrial Commission of Ohio.

IN MANDAMUS

**{¶ 6}** Relator, Justin M. Wisner ("claimant"), has filed this original action requesting this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order that granted payment of a scheduled-loss award for 60 percent loss of use of vision in his left eye, pursuant to R.C. 4123.57(B), and to enter an order granting such compensation for 90 percent loss of use of vision in his left eye.

Findings of Fact:

**{¶ 7}** 1. Claimant was injured on March 27, 2018, in the course of and arising from his employment with respondent, Creative Plastic Concepts ("employer"), when he was

hammering a piece of plastic, and part of the plastic detached and struck his left eye. The claim was allowed for ocular laceration without prolapse/loss of intraocular tissue, left eye; aphakia, left eye; traumatic cataract, left eye; and loss of vision of 60 percent of left eye.

{¶ 8} 2. On March 27, 2018, Amy Brokken, PA-C, issued a treatment note, in which she indicated, in pertinent part, that claimant has no history of wearing glasses or contacts.

{¶ 9} 3. On November 2, 2018, Chantelle Mundy, D.O., issued an office report, in which she found, in pertinent part, that claimant had post-injury uncorrected visual acuity in his left eye of 20/300.

{¶ 10} 4. On November 26, 2018, Hai Shiuh Wang, M.D., issued a report, in which he found the following: (1) the visual acuity in claimant's left eye is 20/400; (2) with refraction, the left eye visual acuity is 20/100; (3) claimant's left eye shows a corneal scar; (4) claimant's left eye has aphakia; (5) claimant has reached maximum medical improvement with regard to the allowed condition; (6) based on AMA Guides – 4th Edition with reference to the Industrial Commission Medical Examination Manual, the percentage of visual system impairment based on uncorrected vision is 20/400; (7) claimant is not able to use both eyes at the same time because of anisometropia and contact lens intolerance, so he is not able to use his left eye on a functional basis; (8) the left eye has a visual impairment of 90 percent; (9) claimant has visual system impairment of both eyes of 23 percent; (10) claimant's impairment of visual system as it relates to impairment of the whole body is 22 percent; and (11) due to loss of visual function of the left eye, claimant is limited from work requiring both eyes or depth perception or climbing.

{¶ 11} 5. On March 27, 2019, claimant filed a C-86 motion requesting that the claim be amended to a loss of vision of 90 percent of his left eye.

{¶ 12} 6. On April 2, 2019, James Ravin, M.D., completed a file review and issued a report, in which Dr. Ravin found the following: (1) he accepts the allowed conditions and objective findings noted in the medical file; (2) claimant's post-injury uncorrected visual acuity is 20/300, based upon the November 2, 2018 office note of Dr. Mundy; (3) based on the AMA Guides to the Evaluation and Permanent Impairment, Fifth

Edition, visual acuity of 20/300 is a visual acuity impairment, also known as ability loss, of 60 percent; and (4) the 60 percent visual acuity impairment is a result of the allowed conditions.

{¶ 13} 7. On July 2, 2019, a district hearing officer ("DHO") held a hearing on claimant's motion. In an order mailed July 10, 2019, the DHO found the following, in pertinent part: (1) claimant's C-86 motion is granted for a loss of vision of 60 percent of the left eye; (2) the DHO relies upon the March 27, 2018, treatment note of Brokken, and the April 2, 2019, report of Dr. Ravin; (3) Brokken notes that claimant does not have a history of wearing glasses or contacts; (4) Dr. Ravin opines that claimant's post-injury uncorrected visual acuity is 20/300, and the percentage of loss of vision is 60 percent as a result of the allowed conditions; and (5) all of the evidence was reviewed and considered. Claimant appealed.

{¶ 14} 8. On August 16, 2019, a staff hearing officer ("SHO") held a hearing on claimant's appeal, and on August 21, 2019, the SHO issued an order in which the SHO found the following, in pertinent part: (1) claimant's claim is additionally allowed for 60 percent loss of vision of the left eye; (2) the SHO relies upon the April 2, 2019, report of Dr. Ravin, in which he found claimant's post-injury uncorrected visual acuity was 20/300, based upon the November 2, 2018 office note of Dr. Mundy; (3) based upon the AMA Guides to Evaluation of Permanent Impairment, Fifth Edition, Dr. Ravin found visual acuity of 20/300 is a visual acuity impairment of 60 percent, and the 60 percent loss of vision was the result of the allowed conditions; (4) the SHO finds Dr. Ravin most persuasive; and (5) all of the evidence was reviewed and considered.

{¶ 15} 9. Claimant filed an appeal, which was refused by the commission in a September 6, 2019, order.

{¶ 16} 10. On October 1, 2021, claimant filed a complaint for writ of mandamus requesting that this court order the commission to grant him a loss of vision award for a 90 percent loss of vision in his left eye.

Conclusions of Law and Discussion:

{¶ 17} The magistrate recommends that this court deny claimant's request for a writ of mandamus.

{¶ 18} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967).

{¶ 19} A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order that is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 20} R.C. 4123.57(B) authorizes scheduled compensation to a claimant for the total loss of a body part, such as the total loss of an arm, leg, ear, or eye. "Loss" within the meaning of the statute includes not only amputation, but also the loss of use of the affected body part. *State ex rel. Wyrick v. Indus. Comm.*, 138 Ohio St.3d 465, 2014-Ohio-541, ¶ 10, citing *State ex rel. Moorehead v. Indus. Comm.*, 112 Ohio St.3d 27, 2006-Ohio-6364, ¶ 13. An injured worker claiming loss of use under R.C. 4123.57(B) bears the burden of showing that the loss of use is complete and permanent. *State ex rel. Carter v. Indus. Comm.*, 10th Dist. No. 09AP-30, 2009-Ohio-5547. R.C. 4123.57(B) provides, in pertinent part:

> In cases included in the following schedule the compensation payable per week to the employee is the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code per week and shall be paid in installments according to the following schedule:
>
> * * *
>
> For the loss of the sight of an eye, one hundred twenty-five weeks.
>
> For the permanent partial loss of sight of an eye, the portion of one hundred twenty-five weeks as the administrator in each case determines, based upon the percentage of vision actually lost as a result of the injury or occupational disease, but, in no

case shall an award of compensation be made for less than twenty-five per cent loss of uncorrected vision. "Loss of uncorrected vision" means the percentage of vision actually lost as the result of the injury or occupational disease.

{¶ 21} In the present case, claimant argues the commission abused its discretion when it did not grant his request to have his claim amended to include a loss of vision of 90 percent and did not comply with *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991), which requires a brief explanation of its reasoning. Claimant asserts the SHO did not explain the basis for the finding that Dr. Ravin offered the more persuasive opinion. Claimant questions how a simple file review can be capable of offering a medical opinion as to actual loss of vision when Dr. Wang, in the November 26, 2018, report, is the only doctor who actually physically examined claimant for the specific and sole purpose of assessing his loss of vision as it relates to his request for a scheduled loss. Claimant points out that Dr. Ravin failed to acknowledge or even mention Dr. Wang's opinion that claimant suffered a 90 percent loss of vision, which severely undermines the persuasiveness of Dr. Ravin's report.

{¶ 22} However, the standard by which the magistrate must review the commission's order is the "some evidence" standard. Clearly, Dr. Ravin's report constitutes some evidence to support the commission's decision that claimant suffered a 60 percent loss of vision. Claimant asks that this court reweigh the evidence and rely upon the evidence that he believes is more persuasive. As explained above, questions of credibility and the weight to be given evidence are within the discretion of the commission. *See Teece*, supra. The SHO indicated that he had performed a file review as requested, reviewed and considered all the evidence in the record, and found Dr. Ravin's April 2, 2019, report more persuasive than the other evidence. Dr. Ravin specifically notes in his report that he reviewed Dr. Wang's November 26, 2018, report, which claimant believes to be more persuasive. Dr. Ravin also specifically indicated that he had accepted the objective findings in the file. "It is undisputed that a physician conducting a file review must accept all the allowed conditions as well as the objective findings of the examining physician." *State ex rel. Caldwell v. New Boston Coke Corp.*, 10th Dist. No. 10AP-1068, 2011-Ohio-6053, ¶ 4, citing *State ex rel. Lampkins v. Dayton Malleable, Inc.*, 45 Ohio St.3d 14 (1989). If a doctor who conducts a file review accepts the findings of the reviewing

physicians, the reviewing doctor's report can constitute "some evidence." *State ex rel. Boyer v. Indus. Comm.*, 10th Dist. No. 05AP-107, 2005-Ohio-6100, ¶ 21, citing *State ex rel. Wallace v. Indus. Comm.*, 57 Ohio St.2d 55 (1979). *See also Lampkins* at ¶ 16 (relaxing the express acceptance requirement in *Wallace* and permitting reliance on a non-examining physician's report where the report impliedly accepted the findings of the examining physicians). In this case, Dr. Ravin's file review expressly indicated that he had reviewed the medical file and accepted all the objective findings of the examining physicians in the file; thus, it constituted some evidence on which the SHO could rely, despite the fact that the review did not specifically mention every detail in Dr. Wang's report, specifically, Dr. Wang's opinion that claimant had suffered a 90 percent loss of vision.

{¶ 23} Furthermore, it is well established that the commission is not required to explain "why one piece of evidence was considered more persuasive than another." *State ex rel. Packaging Corp. of Am. v. Indus. Comm.*, 139 Ohio St.3d 591, 2014-Ohio-2871, ¶ 26, citing *State ex rel. Bell v. Indus. Comm.*, 72 Ohio St.3d 575, 577 (1995). The commission's order here complied with *Noll*, as the commission identified the medical reports it relied on to find claimant suffered a 60 percent loss of vision, and it gave a brief explanation of its reasoning. The commission was under no obligation to discuss Dr. Wang's report in any further detail or explain why it found Dr. Ravin's report more persuasive.

{¶ 24} In addition, this court has "repeatedly held that it is within the commission's discretion to fashion a [permanent partial disability] award by choosing a percentage of impairment within the range of percentages contained in the medical reports upon which it has relied." *State ex rel. Chrysler LLC v. Indus. Comm.*, 10th Dist. No. 08AP-1005, 2010-Ohio-85, ¶ 54, citing *State ex rel. Core Molding Technologies v. Indus. Comm.*, 10th Dist. No. 03AP-443, 2004-Ohio-2639; *State ex rel. Wrenn v. [The] Kroger Co.*, 10th Dist. No. 03AP-14, 2003-Ohio-6470. " 'In that situation, there is no requirement that the commission explain why it selected the percentage chosen.' " *State ex rel. Bowman v. Indus. Comm.*, 10th Dist. No. 19AP-109, 2020-Ohio-5343, ¶ 40, quoting *Chrysler* at 54. Here, even claimant admits in his brief that the medical evidence indicated that he suffered a loss of vision between 60 percent and 90 percent. Therefore, the commission

could choose the 60 percent opinion contained within Dr. Ravin's report, and it was not required to explain why it selected this percentage that was within the ranges offered by the medical evidence.

{¶ 25} Accordingly, it is the magistrate's decision that this court should deny claimant's petition for writ of mandamus.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

{¶ 1}   **NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).